*E-Filed 3/4/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO OU-YOUNG, | No. C 10-0464 RS |
| Plaintiff, | **ORDER DENYING PLAINITFF'S MOTION FOR LEAVE TO SEEK RECONSIDERAITON** |
| v. | |
| JOHN E. POTTER, UNITED STATES POSTMASTER GENERAL, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Ou-Young seeks leave to file a motion for reconsideration of the portion of this Court's Order granting defendant's motion to dismiss. The Order found that, despite three attempts to do so, Ou-Young failed to plead a facially plausible hostile work environment claim. Ou-Young now asks the Court to reconsider this finding. The United States has not opposed the request or otherwise indicated its position.

## II. LEGAL STANDARD & DISCUSSION

The Local Civil Rules of the Northern District of California provide that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" any party may request leave to file a motion for reconsideration of an interlocutory order. N.D. Cal.,

No. C 10-0464 RS
ORDER

1  Civil L.R. 7-9(a).  Reconsideration generally is appropriate where a party can show that "a material
2  difference in fact or law exists from that which was presented to the Court before entry of the
3  interlocutory order," and that "in the exercise of reasonable diligence the party applying for
4  reconsideration did not know such fact or law at the time of the interlocutory order."  Rule 7-
5  9(b)(1).  A party might also introduce a "new material fact or a change of law occurring after the
6  time of such order."  Rule 7-9(b)(2).  Finally, a "manifest failure by the Court to consider material
7  facts or dispositive legal arguments which were presented to the Court before such interlocutory
8  order" can warrant reconsideration.  Rule 7-9(b)(3).

9  Ou-Young argues the Order failed to consider material facts and dispositive legal arguments.
10 That Order found that Ou-Young failed to plead a plausible hostile environment claim because he
11 did not identify *any* facts suggestive or necessarily consistent with a race-based hostile working
12 environment.  Ou-Young argues here that the Court failed to consider an "alternative" test, as set
13 forth by the Ninth Circuit in *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1515-16 (9th Cir. 1989),
14 overruled on other grounds by *Burrell v. Star Nursery, Inc.*, 170 F.3d 951 (9th Cir. 1999).  Ou-
15 Young describes this "alternate standard" as follows: "The proper analysis for employer liability in
16 hostile environment cases is what management-level employees knew or should have known, not
17 whether an employee was acting within the scope of employment."  (Pl. Mot. at 4: 17-20, *citing
18 Nichols v. Frank*, 42 F.3d 503, 508 (9th Cir. 1989); *Hacienda Hotel*, 881 F.2d at 1515-16).

19 *Hacienda Hotel* does *not* stand for the proposition that a plaintiff alleging a race-based
20 hostile environment need not plead a connection to race.  What *Hacienda* did hold was that an
21 employer may be held liable for sexual harassment by one employee against another, where
22 someone in a management position had actual knowledge of the harassment but did nothing.  There
23 was no question in *Hacienda Hotel* that the plaintiff had pleaded that her work environment was
24 severely and pervasively hostile on the basis of gender.  *Id.* at 514-17.  The problem with Ou-
25 Young's claim was that he failed to do even this (substituting, of course, comments or behavior of a

28                                                                          NO. C 10-0464 RS
                                                                            ORDER

2

racial nature for those connected to gender). Accordingly, Ou-Young has presented no viable grounds to support reconsideration and it will not be afforded here.[1]

Finally, Ou-Young appears to ask that the Court reconsider the portion of the Order instructing him to remove claims identical to the ones dismissed as a result of defendant's first motion to dismiss. While Ou-Young apparently disagrees with this Court's analysis, he presents no new factual or dispositive legal arguments and reconsideration is not warranted.

IT IS SO ORDERED.

Dated: 3/4/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Ou-Young's motion asks this Court to reconsider its dismissal of the criminal allegations he asserted against his former co-workers and employer, the request is denied. However ardently he believes his colleagues committed various crimes, Ou-Young cannot criminally "prosecute" them via civil litigation.

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Kuang-Bao P Ou-Young

1362 Wright Avenue

Sunnyvale, CA 94087

DATED: 3/4/11

/s/ Chambers Staff

Chambers of Judge Richard Seeborg

No. C 10-0464 RS
ORDER

4